UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA   *   CRIMINAL NO. 6:16-CR-00048-DEW-PJH

VERSUS                                       *   JUDGE DONALD WALTER

LOUIS  ACKAL                             *   MAGISTRATE PATRICK HANNA

MEMORANDUM IN OPPOSITION TO THE
GOVERNMENT'S MOTION TO AMEND
CONDITIONS OF PRETRIAL RELEASE

NOW INTO COURT, through undersigned counsel, comes Defendant Louis Ackal, who

files this Memorandum to oppose the Government's recently filed "Motion to Amend Conditions

of Pretrial Release".

As the Government notes in its Motion, Mr. Ackal was arraigned on March 31st, 2016.

The Government did not seek his detention, or ask for any supervision during his pretrial release.

The Government agreed that he would be released on personal recognizance, but requested a

condition that he not possess a firearm.

On June 29th, 2016, the Government filed the above referenced "Motion to Amend

Conditions of Pretrial Release". In the Motion, the Government alleges that an "unsolicited

informant" provided the Government with a series of recordings containing the voices of Ackal

and others. The Government alleges that they believe one such recording was made on March

14th, 2016. This was after the Grand Jury returned the original indictment, but before Mr. Ackal

appeared in Court for his Arraignment on March 31st, 2016. Although the recording was made on

March 14th, 2016, the Government alleges in footnote 3 of its Motion that they did not receive it until the end of April 2016. There is no explanation for this gap in time.[1]

Accordingly, although there were a series of recordings, it appears that only a few sentences made by Mr. Ackal are relevant to whether or not his conditions of pretrial release should be modified. Based on what was said and other circumstances, Mr. Ackal believes there is no reason to modify the conditions of his release. Under his current conditions of release, he is not allowed to possess a firearm or any other weapon.[2]

The new conditions sought by the Government in the recent Motion include that he be supervised by a Pretrial Services Officer and report on a regular basis to that officer; and that he be subject to unannounced inspection of his home, person, vehicle, or office to be sure he does not possess a weapon. Neither of these conditions are necessary.

As noted above, although there were a series of recordings, one of which lasted about 30 minutes, Sheriff Ackal made a few inappropriate remarks while he was clearly upset after being told by the United States Attorney's Office that they were going to put him in prison. Moreover, the statements were made in a closed private room, and Sheriff Ackal never imagined his remarks would be broadcast to the public.

Mr. Ackal's remarks about shooting a US Attorney are not credible nor believable, and were said in a fit of anger. Moreover, as noted above, he is not even allowed to possess a firearm.

The Bail Reform Act, 18 USC 3141, et seq, has two overriding purposes when an indicted citizen is released pending Trial. First, the Court wants to be sure that the conditions will

---

[1] The Government's Motion claims that there were a "series of recordings", but has only produced to undersigned counsel one recording, namely the one made on March 14th, 2016. The Government's attorneys have represented that the other recordings, although discoverable under Rule 16, do not contain any information that bears on the issue of release.

[2] In light of recent developments, including the shooting and killing of several police officers in Dallas, Texas, this condition is an onerous condition upon Sheriff Ackal, and could put his life in jeopardy.

reasonably assure the appearance of the person; and second, that the person does not pose a danger to anyone in the community.

The first factor is not an issue in this case, and never has been an issue. The Sheriff is not a flight risk. The second factor was never an issue until this recording was released. However, when the few sentences made by Sheriff Ackal are put in context, it is clear that Sheriff Ackal is not a danger to anyone in the community. It is also clear that these were said while he was angry and upset. There has never been any real threat to any U.S. Attorney or any other person.

For all of the reasons set forth herein, Sheriff Ackal, through undersigned counsel, opposes any modification of his pretrial release conditions.

RESPECTFULLY SUBMITTED
BY ATTORNEYS:

WALTERS PAPILLION THOMAS
CULLENS, LLC


   /s/John S. McLindon
**JOHN S. McLINDON, Of Counsel**
Bar Number 19703
12345 Perkins Road, Bldg. 2, Ste. 202
Baton Rouge, LA  70810
225-408-0362, Telephone
225-236-3650, Telecopier
E-mail: mclindon@lawbr.net

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**   \*   **CRIMINAL NO. 6:16-CR-00048-DEW-PJH**

**VERSUS**                            \*   **JUDGE DONALD WALTER**

**LOUIS ACKAL**                     \*   **MAGISTRATE PATRICK HANNA**

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2016, a copy of the foregoing Motion was filed electronically with the Clerk of Court utilizing the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.


_____/s/ John S. McLindon_____
**JOHN S. McLINDON**