UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 6:16-CR-00048-03** |
| **VERSUS** | : | **JUDGE WALTER** |
| **MARK FREDERICK** | : | **MAGISTRATE JUDGE HANNA** |

**MEMORANDUM IN SUPPORT OF MOTION TO
TRANSFER CASE FROM SHREVEPORT DIVISION
TO LAFAYETTE DIVISION OF THE WESTERN
DISTRICT OF LOUISIANA**

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "the right to . . . trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law."

A leading Fifth Circuit cases on this issue is <u>United States v. Lipscomb</u>, 299 F. 3d 303 (5th Cir. 2002) in which the District Court transferred the case *sua sponte* from Dallas to Amarillo, Texas. Both Dallas and Amarillo are located in the Northern District of Texas. The Court of Appeals reviewed whether this transfer was proper. It first addressed whether an intradistrict transfer implicates the Constitution, but found it does not. Holding there is no Constitutional implication for a certain division within a district, the Court of Appeals found the District Court must abide by Federal Rule of Criminal Procedure Rule 18:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

Rule 18 mandates that the Court must look to the convenience of the defendant, victim, and witnesses, as well as consider the prompt administration of justice. In Lipscomb, the defendant and all witnesses resided in Dallas, and the attorneys practiced there.  No single event happened outside of Dallas.  The District Court based its ruling on the fact that Amarillo was only a five hour drive from Dallas and parties could fly there, so the transfer was proper.  Id. at 340-41.  The Fifth Circuit did not find these reasons sufficient to justify the transfer, considering the inconvenience to the defendant, his counsel, and witnesses.  Id at 341.

In the case at bar, Shreveport is a three and one-half to four (3 ½ to 4) hour drive from Lake Charles, depending on conditions, but Lafayette is less than one and one-half (1 ½) hours from Lake Charles.  More importantly for the defendant, Frederick, he lives thirty minutes from Lafayette and 3 ½ to 4 hours from Shreveport.  However, Mr. Frederick suffers from both colon cancer and brain cancer, in remission, with a permanent colostomy. Due to his colon cancer surgery, Frederick also develops abdominal abscesses which become infected and must be drained and treated with antibiotics. These abscesses cause defendant severe pain. He is currently beginning treatment for additional re-occurring abscesses.  Mr. Frederick cares for a 13 year old daughter, but himself needs assistance daily which he receives from his parents who live across the street, his daughter, and close-by friends.  Mr. Frederick sees his group of physicians with appointments scheduled almost weekly.  His financial circumstances do not allow him to travel, nor can he afford accommodations and food during the course of a trial in Shreveport which will last approximately two weeks, when his trial can be held in Lafayette at little to no cost and minor inconvenience and adverse effects on his health.

Undoubtedly, this will be a multi-day trial, which requires all parties, attorneys, and witnesses to make lodging accommodations, and for defendant, Frederick, to make arrangements for his own physical and health care as well as care for his daughter.

The Fifth Circuit considered other factors relevant to an intradistrict transfer, specifically, docket management, pretrial publicity, and logistical considerations. Id at 342-44.  Considering docket management, the Fifth Circuit stated that this related to Rule 18's need for "prompt administration of justice." Id at 342.  Logistics relates to issues such as if a particular courthouse meets security or other needs better than another courthouse. Id. at 343.  There is no indication the Courthouse in Shreveport meets security or other needs better than the Courthouse in Lafayette.  Pretrial publicity is a factor the Fifth Circuit has determined can counterbalance convenience and render an intradistrict transfer proper.  Id.  While there has been some pretrial publicity in this case, defendant doubts it has been to the extent to rise to the level requiring a change of venue.  Moreover, defendant is from the Lafayette area and he wants to be tried by his peers there.

The Court's *sua sponte* intradistrict transfer causes a significant inconveniences to all of the parties, witnesses, and attorneys. The defendant, Mark Frederick, does not reside in Shreveport, nor does his counsel have an office in Shreveport.  The other co-defendants are similarly inconvenienced.  None of the Defendants live in Shreveport, and almost all of the witnesses in this case reside in the Lafayette area.  The alleged criminal misconduct took place in Iberia Parish.  Shreveport has no relevant connection to the parties or the alleged incident.

United States v. Garza, 593 F.3d 385 (5th Cir. 2010), further supports that argument that the intradistrict transfer to Shreveport is improper.  In Garza, the district court in Del

Rio, Texas transferred the case to Waco, Texas. The Fifth Circuit, relied on the Eleventh Circuit's language from an intradistrict transfer case, which stated: "A district judge's exercise of discretion resulting in a trial in an environment alien to the accused over a proper objection must be supported by a demonstration. . . that the judge gave due regard to the factors now incorporated in Rule 18." Id at 390 [quoting United States v. Burns, 663 F.2d 1378, 1383 (11th Cir. 1981)]. The Fifth Circuit found that the Del Rio Judge gave no reason for the transfer of the case, nor weigh the factors set out in Rule 18. Id. Consequently, the Fifth Circuit conducted its own balancing of Rule 18's need for convenience for the defendant against the prompt administration of justice. The Fifth Circuit's balancing test considered several factors: (1) the distance from the defendant's home; (2) the location of defendant's witnesses; (3) the ability of defendant's family and friends to attend the trial; and (4) the burden on defendant's counsel to try a case from his or her practice. Id.

In weighing these relevant factors, the Fifth Circuit determined the inconvenience to the defendants and witnesses was high because all parties had to travel more than 300 miles to participate. Id. Here, while the travel is approximately 200 miles, defendant, Mark Frederick suffers from disabilities as a result of his colon and brain cancer which require assistance in the activities of his daily life, including driving which is restricted to a few miles of his house due to the side effects, dizziness, of the pain medication for his migraine headaches. Frederick depends on his parents and friends to drive him to doctor's appointments and to court appearances.

When the factors of Rule 18 are considered, there is nothing to counterbalance the inconvenience posted to defendants and their attorneys. All of the factors weigh in favor of trying this case in Lafayette.

        Respectfully submitted,

          S/ Frank Granger
        **FRANK GRANGER**, LSBA No. 06219
        1135 Lakeshore Drive, 6th Floor
        Lake Charles, LA 70601
        Telephone: (337) 439-2732
        Facsimile: (337) 439-1655