UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA   *   CRIMINAL NO. 6:16-CR-00048-DEW-PJH

VERSUS                     *   JUDGE DONALD WALTER

LOUIS ACKAL                *   MAGISTRATE PATRICK HANNA

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO PROHIBIT THE UNITED STATES FROM OFFERING INTO TRIAL PURPORTED 404 (b) EVIDENCE**

The United States Attorneys Office has indicated that it will seek to introduce at the Trial of this case, six incidents outside the scope of the Indictment involving Louis Ackal. The incidents were summarized by the Assistant United States Attorney in a letter dated August 25th, 2016, and are discussed below.

## BACKGROUND

This case started with an Indictment handed down on March 9th, 2016, naming two Defendants: Louis Ackal and Gerald Savoy. It alleges violations of 18 USC 241 and 18 USC 242. It was limited to an event which occurred at the Iberia Parish Jail 5 years ago in April of 2011, during which several inmates were beaten by guards. The Indictment does not allege that Sheriff Ackal participated in any of these beatings. The Indictment simply alleges that the guards who did the beatings (and who have since pled to and accepted responsibility for the beatings) assumed, guessed, or speculated that Sheriff Ackal wanted these guards to assault these particular inmates.

On June 9th, 2016, the Government obtained a Superseding Indictment in which

1

it added a new Defendant, Mark Frederick, and also alleged a new and different charge against Louis Ackal. The new charge claims that on March 14th, 2014, Mr. Ackal violated 18 USC 241 and 18 USC 242. Again, the Indictment does not allege that Sheriff Ackal personally engaged in the beating of a person, but that the officers responsible for the alleged beating of this person assumed, guessed, or speculated that Sheriff Ackal wanted them to perform such beating.

In its August 25th, 2016 letter identifying this potential 404(b) evidence, the Government states that "…evidence of these incidents may be offered, pursuant to Rule 404(b), to show Defendant's intent to carry out the charged conspiracy; the Defendant's knowledge of the charged conspiracy; and the common plan, scheme, or design underlying charged conspiracies."

FRE 404(b) provides that evidence of other crimes, wrongs, or acts is *not* admissible to prove the character a person in order to show that he acted in conformity therewith.[1] This Rule is a codification of the traditional common law position that a person is to be tried only for the crime of which he is accused, not on the basis of "bad character". Among the rationales for this Rule is the fear that the jury could give too much weight to the "other acts" evidence and assume that if the defendant committed an act once, he must have committed the crime for which he is presently charged. This is sometimes referred to as "propensity evidence"—i.e. if he did it before, he did it this time. The Government is trying to bring the evidence in under FRE 404(b) claiming

---

[1] *United States v. Beechum*, 582 F.2d 898 (5th Cir. 1978).

that it is not propensity evidence, but instead, should be admitted to prove intent and knowledge. It is respectfully submitted that the incidents described in the Government's letter do not qualify as "other purposes evidence" and should not be heard by the Jury. Moreover, as discussed in greater detail below, this "other acts" evidence is inadmissible pursuant to FRE 403, which excludes evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

It is clear from the Indictment that the evidence against Sheriff Louis Ackal is weak. The allegations set forth in the Indictment call for speculating, assuming, and guessing on the part of the witnesses for the Government. Nowhere in the Indictment does it allege that Sheriff Ackal participated in any beatings. The witnesses claim that they "understood" that Sheriff Ackal wanted the particular officer to assault the particular inmate.[2] Because the Government's evidence is weak, the Government seeks to introduce other incidents in hopes of bolstering its case to the jury. The Government is well aware that 18 USC 841 and 842 has an element that the crimes be carried out "willfully". Based on the language in the Indictment, and the discovery produced thus far, the Government will cannot meet the element of "willful" as to Sheriff Ackal.

In the Government's August 25th letter, the Assistant United States Attorney sets forth that he intends to offer this evidence to prove Mr. Ackal's knowledge or intent.

---

[2] All of the witnesses who will testify in support of the charges have plea bargained with the Government and are hoping to obtain a reduced sentence for their testimony pursuant to the United States Sentencing Guidelines.

No further details or explanations are given of how these past incidents prove knowledge or intent.

Rule 404 (b) operates in tandem with Federal Rules of Evidence 104, 401, 402, and 403. First, these rules require that the piece of evidence be relevant. If the Court determines that the evidence is relevant, it must be relevant for a purpose other than its propensity value – in other words, it is not offered to show that the Defendant acted "in conformity therewith". If it is relevant for a non-propensity purpose, its probative value must not be substantially outweighed by its unfair prejudice.

Rule 404 (b) acts as a gatekeeper to ensure "bad-acts" evidence is not introduced solely to prove criminal disposition. The party wishing to introduce bad-acts evidence must offer and prove a non-propensity basis for admissibility. See *United States v. Hernandez*, 975 F.2d 1035 (4th Cir. 1992).

In analyzing the six incidents which the Government is attempting to shoehorn into evidence with the authority of 404(b), it must be remembered that the Defense was provided no reports, memoranda, or writing of any nature which support these incidents. The incidents are generally summed up in one or two sentences in the Government's letter.

Before discussing each of these incidents the Government has to prove that Mr. Ackal actually did the things they say he did.

> "Therefore, as a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed the offense." *United States v. Beechum, supra*. See Headnote 24.

4

Proof of an uncharged offense is sufficient if the jury can reasonably find that the offense occurred by a preponderance of the evidence. *United States v. Smith*, 804 F.3d 724 (5th Cir. 2015) at page 730. A Hearing on the Motion for the introduction of 404 (b) evidence will be necessary. The Government must prove that each of the incidents set forth in their letter and described below actually happened. If the Government can meet their burden, i.e. that Sheriff Ackal actually committed these prior incidents, then this Court must decide if the incidents are relevant to an issue other than the defendant's character. Finally, if the Court concludes that it is relevant, the Court must find that it possesses probative value that is not substantially outweighed by its undue prejudice. (Discussed below) See *United States v. Smith, supra* at page 730.

The first incident alleges that on November 2nd, 2008, two young African American men were assaulted by two off duty Iberia Parish Sheriff's Deputies. It then alleges a subsequent "cover-up" by Ackal and others. The Government uses a racial epithet which under no circumstances should be allowed into evidence under FRE 403 discussed below. This allegation contains no information about when the so-called cover-up took place; what was done to accomplish this cover-up; who participated in the cover-up (the allegation says Ackal and others); and what was Ackal's role in this so-called cover-up. Nothing in here has any bearing on Louis Ackal's knowledge or intent as to the crimes committed by the Government's witnesses as set forth in the Indictment.

The next incident is a September 16th, 2010 arrest of a drug dealer who was allegedly assaulted by IPSO Officer Gerald Savoy, and Ackal's alleged approval of the assault after he learned about it. Again, there is no indication of when the so-called approval was made by Ackal, and how the approval was made. Likewise, this does nothing to support the Government's theory that Sheriff Ackal knew about the criminal acts of the Government's witnesses as set forth in the Indictment.

The next incident alleges that on July 9th, 2011, inmates were assaulted (it does not say who did the assaulting), but alleges that Ackal ordered the use of deadly force on these inmates. Although, not discussed in the U.S. Attorney's letter, this incident involves inmates who had taken a guard hostage and stabbed him. Sheriff Ackal does recall this incident and does recall that there was a possibility that deadly force would have to be used to free this guard that had been taken hostage and stabbed. Sheriff Ackal disagrees with the other characterizations set forth by the Government. Again, this incident does nothing to show knowledge or intent of Sheriff Ackal as to the crimes committed by the Government's witnesses.

The next incident seeks to introduce Ackal's comments (no time period or other specifics are given) encouraging the officers to use more force than necessary at ongoing arrest scenes. Sheriff Ackal denies this and demands strict proof thereof. Additionally, this does nothing to prove knowledge or intent on the part of Sheriff Ackal as to the crimes committed by the Government's witnesses set forth in the Indictment.

The next incident seeks to introduce Ackal's "comments" to IPSO employees about Ackal having used excessive force, including unjustified deadly force, and then having it covered up, when he was a Louisiana State Trooper. Again, no time frames are given for these comments or these so-called underlying events when Sheriff Ackal was with the Louisiana State Police. Sheriff Ackal retired from Louisiana State Police in 1984. Sheriff Ackal vehemently denies these allegations. Moreover, since it has been over 32 years since Ackal was a State Trooper, any such allegations are far too tenuous and remote to be accepted under 404 (b). See *United States v. Hernandez*, 975 F.2d 1035 (4th Cir. 1992)

Finally, the Government seeks to introduce Mr. Ackal's alleged use of racial slurs and derogatory language to refer to the African American population in New Iberia and his encouragement to IPSO employees to use unlawful force against African Americans and the approving of that force after the fact. Again, no time frame is given as to when these statements were supposedly made. More importantly, this has nothing to do with Sheriff Ackal's knowledge of the Government's witnesses committing crimes as set forth in the Indictment. Additionally, race is not an issue in this case.

It is clear the Government is trying to make race an issue in this case. The allegations in the Indictment do not contain any reference to race being a factor. In fact, it is established that the inmates who were beaten by the Government's witnesses were both black and white inmates. Race is not an issue in these charges, nor should it be an issue in the 404(b) evidence. The references to race are inappropriate under FRE 403

discussed below.

Although, 404 (b) does not provide a specific time limit on old incidents (such as FRE 609 does for prior convictions) it should be noted that at least three of these incidents are undated. In *United States v. Hernandez*, supra, the Court held that evidence of prior bad acts to show intent is not admissible when the related bad act is "tenuous and remote in time from the charges in the indictment", citing *United States v. Cole*, 491 F.2d 1276 (4th Cir. 1974).

Because we have no idea when these so-called comments were made, it is hard to determine whether or not they are close enough in time to make them relevant. As noted above, when the related bad act is tenuous and remote, it is not admissible to show intent.

Sheriff Ackal denies the incidents listed by the Government in their letter, or denies the characterization of the incidents as set forth in the Government's letter. A Hearing will absolutely be necessary in this case for the Government to establish whether the incidents ever took place; whether the comments were ever made; or whether the incidents have been properly characterized by the Government in its August 25th letter. We believe that the Hearing will show that either the incidents did not occur at all; the comments were not made, or the incidents occurred in a different fashion than described by the Government. Moreover, a Hearing will show that these incidents do not qualify to be admitted into evidence under FRE 404 (b).

## UNDER 403 (b) THE PROBATIVE VALUE OF THE EVIDENCE IS OUTWEIGHED BY ITS PREJUDICIAL EFFECT

The evidence offered by the United States Attorney is inadmissible pursuant to FRE 403 (b). This Rule provides that the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. As noted above, Mr. Ackal does not agree that the prior incidents are relevant; nor does he agree that they are admissible under Rule 404 (b). If however, the Court rules that they are relevant and admissible, Mr. Ackal, through undersigned counsel, moves that they not be allowed into evidence in that there is a real danger of unfair prejudice.

In *United States v. Smith, supra*, as well as *United States v. Beechum*, *supra*, and many other reported cases, the Courts have held that evidence such as this should not be introduced because its probative value is substantially outweighed by its undue prejudice. The Court is to consider the following factors: 1) The Government's need for the extrinsic evidence; 2) The similarity between the extrinsic and charged offenses; 3) The amount of time separating the two offenses; and 4) The Court's limiting instructions.

When these factors are applied to the prior incidents offered by the Government in their letter, it is clear that the probative value is substantially outweighed by undue prejudice. It is even more clear that these prior incidents are being offered as propensity evidence, which is strictly prohibited.

Moreover, not only is the presentation of these prior incidents unfair and prejudicial, they will mislead the jury; cause significant undue delay; waste time; and needlessly present cumulative evidence.

As noted above, several of the incidents are undated, and therefore, may be so tenuous and remote to be relevant and admissible. The other ones that make reference to race are highly prejudicial and have no bearing whatsoever on the charges in the Indictment. Again, as noted above, race is not an issue in this case, as the Government's witnesses assaulted both black and white persons.

For all of the reasons set forth above, Sheriff Louis Ackal moves that this Court prohibit introduction of the prior incidents set forth by the Government in their August 25th letter, into evidence at the Trial of this matter.

**RESPECTFULLY SUBMITTED BY ATTORNEYS:**

**WALTERS PAPILLION THOMAS CULLENS, LLC**

/s/John S. McLindon
**JOHN S. McLINDON, Of Counsel**
Bar Number 19703
12345 Perkins Road, Bldg. 2, Ste. 202
Baton Rouge, LA 70810
225-236-3636, Telephone
225-236-3650, Telecopier
E-mail: mclindon@lawbr.net
*Attorney for Louis Ackal*

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **\* CRIMINAL NO. 6:16-CR-00048-DEW-PJH** |
| **VERSUS** | **\* JUDGE DONALD WALTER** |
| **LOUIS ACKAL** | **\* MAGISTRATE PATRICK HANNA** |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2016 a copy of the foregoing Motion was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

_____/s/ John S. McLindon_____
**JOHN S. McLINDON**