CASE NO. _____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

## IN RE: LOUIS ACKAL

## PETITION FOR WRIT OF MANDAMUS OF LOUIS ACKAL

**ON PETITION FOR WRIT OF MANDAMUS TO THE UNITED STATES
DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA**

**CASE NO. 6:16-00048
United States v. Louis Ackal, et al**

**Counsel for Louis Ackal**

**JOHN S. McLINDON**
Bar Number 19703
Of Counsel
Walters Papillion Thomas Cullens
12345 Perkins Road, Bldg. 2, Ste. 202
Baton Rouge, LA  70810
225-236-3636, Telephone
225-236-3650, Telecopier
E-mail: mclindon@lawbr.net

## <u>CERTIFICATE OF INTERESTED PERSONS</u>

The undersigned counsel of record for Petitioner Louis Ackal certifies that

the following listed persons have an interest in the outcome of this case. These

representations are made in order that the Judges of this Court may evaluate

possible disqualification or recusal.

1. Louis Ackal

2. John S. McLindon, Counsel for Louis Ackal

3. United States of America:
    A. Assistant United States Attorney Mark Blumberg
    B. Assistant United States Attorney Tona Boyd
    C. Assistant United States Attorney Joseph Jarzabek
    D. Assistant United States Attorney Alexander Van Hook

4. Gerald Savoy, Co-Defendant

5. Randal McCann,  Counsel for Gerald Savoy

6. Mark Frederick, Co-Defendant

7. Frank Granger, Counsel for Mark Frederick

8. The Honorable Donald Walter, United States District Court Judge for the
   Western District of Louisiana, Shreveport Division

9. The Honorable Patricia Minaldi, United States District Court Judge for
   the Western District of Louisiana, Lafayette Division

10. The Honorable Chief Judge Dee Drell, United States District Court
    Judge for the Western District of Louisiana, Alexandria Division

_____/s/ John S. McLindon_
JOHN S. MCLINDON
*Counsel for Louis Ackal*

## <u>NO REQUEST FOR ORAL ARGUMENT</u>

Petitioner believes that the issues set forth in this Writ of Mandamus do not require Oral Argument. However, should this Court request Oral Arguments, undersigned counsel will gladly participate.

# **TABLE OF CONTENTS**

                                                                              PAGE

CERTIFICATE OF INTERESTED PERSONS…………………………………....2

NO REQUEST FOR ORAL ARGUMENT……..………………………….....3

TABLE OF CONTENTS……………………………………………………….4

TABLE OF AUTHORTIES……………………..………………………….…..5

I.  RELIEF SOUGHT………………………………….……………….....6

II. ISSUES PRESENTED…………………………………………………9

> A. The first issue presented to this Court is whether or not the reassignment and re-allotment of this case from the Honorable Judge Patricia Minaldi to the Honorable Judge Donald Walter was in violation of the Local Rules of Court for the United States District Court for the Western District of Louisiana and the United States Code

> B. The second issue presented to this Court is the propriety and fairness of a Judge's *sua sponte* Order moving a case and the Trial to Shreveport, 200 miles away, when none of the parties have requested such transfer, and there are no connections at all between the facts and circumstances of this case and the City of Shreveport

III. FACTS AND BACKGROUND IN SUPPORT OF PETITION FOR WRIT..10

IV.  CONCLUSION AND PRAYER FOR RELIEF……………………………22

V.   CERTIFICATE OF SERVICE………………………………………23

VI.  CERTIFICATE OF COMPLIANCE………………………...……………25

VII. APPENDICES……………………………………………….………26

# TABLE OF AUTHORITIES

PAGE

## CASES

*Dhalluin v. McKibben,* 682 F. Supp. 1096 (D. Nev. 1988)…………………..14

*In Re: McBryde*, 117 F.3d 208, (5th Cir. 1997)………………………………….13

*In Re: United States*, 397 F.3d 274 (5th Cir. 2005)………………………………7

*United States v. Burns*, 663 F.2d 1378, 1383 (11th Cir. 1981)……………….20

*United States v. Garza*, 593 F.3d 385 (5th Cir. 2010)……………………..…..20

*United States v. Lipscomb*, 299 F.3d 303 (5th Cir. 2002)………15, 16, 19, & 22

*United States v. Martinez*, 686 F.2d 334 (5th Cir. 1982)……………………….14

*United States v. Stone,* 411 F.2d 597 (5th Cir. 1969)……………………………..14

## STATUTES AND ARTICLES

28 USC 137………………………………………………………………….12 & 13

28 USC 1651………………………………………………………………………6

Fed. R. App. P. 21………………………………………………………………….6

Fed. R. App. P. 21 (a)(2)(C)………………………………………………………6

Fed. R. Crim. P. 18…………………………………………7, 15, 16, 19, & 20

# I. **RELIEF SOUGHT**

Louis Ackal brings this Writ pursuant to 28 USC 1651 and Fed. R. App. P. 21, seeking relief from two related rulings of the District Court. The first is a decision (see Record Docs. 44 & 88) which moved the Trial of this matter from the Lafayette Division to the Shreveport Division of the Western District of United States District Court. [1]

The second is a ruling (see Rec. Doc. 97) denying a Motion to transfer the case back to the original Judge to whom it was allotted. This Order was signed by Chief Judge Dee Drell, who is not the Judge in this case.

On March 9th, 2016, this case was allotted to the Honorable Patricia Minaldi pursuant to the Local Rules of Court. However, Chief Judge Dee Drell, on his own Motion, reassigned the case on March 11th, 2016 (see Record Doc. 8) to the Honorable Judge Donald Walter. No reasons for the reassignment were given. Judge Minaldi was not recused. Undersigned counsel filed a Motion to reallot the case to Judge Minaldi. (See Rec. Doc. 90) This Motion was denied and no reasons were given. (See Rec. Doc. 97)

Undersigned counsel believes that the taking of this case from Judge Minaldi and reallotting it to Judge Walter was in violation of the United States Code and the Local Rules of Court.

---

[1] Throughout this Writ Application, references are made to record documents. However, pursuant to Fed. R. App. P. 21 (a)(2)(C), a copy of the Orders or other parts of the record that are essential to this case are attached in an Appendix.

On June 15th, 2016 (see Record Doc. 44), Judge Walter *sua sponte* held that the Trial would take place on October 31st, 2016 in Shreveport, Louisiana. As will be discussed in greater detail below, everything about this case centers around the Lafayette Division of the Western District. There are no connections at all to the Shreveport Division of the Western District, other than the fact that Judge Walter maintains his office in Shreveport. Undersigned counsel believes that this transfer of venue was in violation Fed. R. Crim. P. 18 and the jurisprudence thereunder.

Petitioner recognizes the extraordinary requirements for a Writ of Mandamus. See *In Re: United States*, 397 F.3d 274 (5th Cir. 2005), which held: (1) the party seeking issuance of the Writ must have no other adequate means to attain the relief he desires; (2) the petitioner must satisfy the burden of showing that his right to issuance of the Writ is clear and indisputable; and (3) even if the first two prerequisites have been met, the issuing Court, in the exercise of its discretion, must be satisfied that the Writ is appropriate under these circumstances.

This is an extraordinary situation, and the Writ is appropriate under these circumstances. There is nothing in the record which justifies the re-allotment of this case from Judge Minaldi to Judge Walter. Moreover, the Order of Judge Walter moving the case to Shreveport, if allowed to stand, will cause extraordinary hardships on the defendants, witnesses, and attorneys in this case.

Judicial efficiency would require that the issues of allotment and venue be resolved now as opposed to on appeal if these defendants are convicted. Waiting to decide these issues on appeal, if necessary, could lead to a second Trial of these Defendants.

## II. ISSUES PRESENTED

A. The first issue presented to this Court is whether or not the reassignment and re-allotment of this case from the Honorable Judge Patricia Minaldi to the Honorable Judge Donald Walter was in violation of the Local Rules of Court for the United States District Court for the Western District of Louisiana and the United States Code.


C. The second issue presented to this Court is the propriety and fairness of a Judge's *sua sponte* Order moving a case and the Trial to Shreveport, 200 miles away, when none of the parties have requested such transfer, and there are no connections at all between the facts and circumstances of this case and the City of Shreveport.

## FACTS AND BACKGROUND IN SUPPORT OF PETITION FOR WRIT

On March 9th, 2016, the Defendant Louis Ackal was charged in a 3 Count Indictment handed down by a Federal Grand Jury sitting in the Lafayette Division of the Western District of Louisiana. (See Record Doc. No. 1). Mr. Ackal appeared in Court and entered a plea of "Not Guilty". Co-Defendant Gerald Savoy was also indicted on March 9th, 2016 and entered a plea of "Not Guilty".

On June 9th, 2016, a Superseding Indictment (See Record Doc. No. 36) was handed down by a Grand Jury in the Lafayette Division of the Western District of Louisiana adding a new defendant (Mark Frederick), and also adding a new Count as to Louis Ackal. All co-Defendants entered "Not Guilty" pleas to the Superseding Indictment.

All of the conduct set forth in the allegations in the Indictment occurred in the Lafayette Division of the Western District of Louisiana.[2]

The case was originally assigned to the Honorable Judge Patricia Minaldi. However, in a one sentence Order dated March 11th, 2016, the Honorable Chief Judge Dee Drell reassigned the case to the Honorable Senior Judge Donald E. Walter (Record Doc. No. 8). A Criminal Scheduling Order was issued (See Record Doc. No. 22) which set a Jury Trial for June 6th, 2016, before Judge Donald E. Walter in Lafayette, Louisiana. That Trial date was later continued until October

---

[2] Since Judge Walter's ruling on venue, the United States has returned a second Superseding Indictment. (Rec. Doc. 91) Everything alleged in the Superseding Indictment, like the first two Indictments, occurred in the Lafayette Division of the Western District of Louisiana.

31st, 2016.

Thereafter, Minutes of Court dated June 15th, 2016 (Record Doc.  No. 44) reflect in the last paragraph that the Trial will be held on October 31st, 2016 at 9:30 a.m. before Judge Walter in Shreveport, Louisiana. Up to this point, there was no other Order, ruling, or other pleading of any nature which purported to move the location of this Trial from Lafayette to Shreveport.

Undersigned counsel for Louis Ackal filed a Motion to transfer the case from the Shreveport Division to the Lafayette Division. (See Rec. Doc. 64) Counsel for each of the co-Defendants filed similar Motions. These were denied by Judge Walter. (See Rec. Doc. 88)

Undersigned counsel for Louis Ackal also filed a Motion requesting the case be reallotted to Judge Minaldi. (See Rec. Doc. 90) This Motion was denied by Judge Drell, who is not the Judge of record in this case, in a one sentence ruling discussed below.

Accordingly, the current posture of this case is that it was reassigned from the original Judge without a recusal or the consent of the original Judge, and was moved from the Lafayette Division (where the Indictments were handed down) to the Shreveport Division of the Western District of Louisiana.

## <u>THIS CASE WAS IMPROPERLY ALLOTED AND SHOULD BE RETURNED TO THE ORIGINAL DISTRICT COURT JUDGE</u>

As the record bears out, this case was allotted to the Honorable Judge Patricia Minaldi when the Indictment was returned on March 9th, 2016. Two days later, on March 11th, 2016, an Order was signed by the Honorable Chief Judge Dee Drell which reads as follows:

> "This case is reassigned to Judge Donald Walter. Signed on this 11th day of March, 2016 in Alexandria, Louisiana."

No reasons are given for the reassignment of the case, nor is there any mention of *recusing* Judge Minaldi. No mention is made of Judge Minaldi's consent to reassign.

28 USC 137 reads:

> "The business of a Court having more than one Judge shall be divided among the Judges as provided by the rules and orders of the Court.

> The Chief Judge of the District Court shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

> If the District Judges in any district are unable to agree upon the adoption of rules or orders for that purpose, the Judicial Counsel of the circuit shall make the necessary orders."

The reassignment of this case was in violation of the Rules and Orders of the United States District Court for the Western District of Louisiana.

The Western District of Louisiana has two Standing Orders which are relevant to this issue. (Both Standing Orders are included in the Appendix)

Standing Order 1.61 is entitled "Assignment of Cases". It notes that in criminal cases in the Lafayette Division, 50% of the cases shall be assigned to Judge Minaldi, 25% to Judge Drell, and 25% to Judge Walter.

Standing Order 1.62 is entitled "Reassignments in the Event of Recusal of a Judge". Since Judge Minaldi was not recused, this Standing Order does not apply. Even if it were to apply (i.e. if Judge Minaldi were recused), the Order provides that Lafayette criminal cases originally allotted to Judge Minaldi are to be assigned "in a random manner to a Judge assigned to criminal cases in the Lafayette Division".

As noted above, Record Doc. 8 shows that this case was unilaterally reassigned by Chief Judge Drell. This reassignment is in conflict with not only the Local Rules of Court and Standing Orders, but more importantly 28 USC 137, which provides that the Chief Judge shall be responsible for the observance of such rules and orders, and shall divide the business and assign the cases so far as such rules and orders do not otherwise prescribe.

In the case of *In Re: McBryde*, 117 F.3d 208, (5th Cir. 1997), the Court held:

> "No expressed or implied power is granted a Chief Judge to affect administratively, directly or indirectly, litigation assigned to and pending before another Judge of the Court." At page 225.

The Court in *McBryde* went on to note that 28 USC 137 provides the Chief Judge of a District with broad authority to assign cases; however, that authority is circumscribed by powerful limits. In footnote 11, the Court held: "The structure of

the Federal Courts does not allow one Judge of a District Court to rule directly on the legality of another District Judge's judicial acts, **or to deny another district Judge his or her lawful jurisdiction.**" (Emphasis added) Citing *Dhalluin v. McKibben,* 682 F. Supp. 1096 (D. Nev. 1988).

In *United States v. Martinez,* 686 F.2d 334 (5th Cir. 1982), the Court held: District Judges may by rule, order, or consent transfer cases between themselves. See also Rule 57(b) of the Federal Rules of Criminal Procedure, which provides a Judge may regulate practice in any manner consistent with Federal Law, these Rules, and the Local Rules of the District. See also *United States v. Stone,* 411 F.2d 597 (5th Cir. 1969). Each Judge of a multi-district court has the same power and authority as each other Judge.

Undersigned counsel for Sheriff Ackal filed a Motion requesting the case be reallotted to Judge Minaldi. (See Rec. Doc. 90) Judge Drell handed down a one sentence Order (see Rec. Doc. 97) which reads:

"The Motion to Transfer to a different Judge (Doc. No. 90) is DENIED as without merit.

SIGNED on this 16th day of September, 2016, at Alexandria, Louisiana."

Once again, no reasons are given for denying the Motion and refusing to send the case back to Judge Minaldi. In fact, the ruling of Judge Drell was done so quickly that the Government never had a chance to file a response to Ackal's Motion.

Based on everything in the record, it appears that this case was improperly taken from Judge Minaldi, and improperly given to Judge Walter. Petitioner Louis Ackal seeks a Writ of Mandamus from this Court directing Chief Judge Drell to return this case to Judge Minaldi.

## **THIS CASE SHOULD BE TRIED IN LAFAYETTE**

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "the right to…trial, by an impartial jury of the state and district wherein the crime shall have been committed, which district shall have been previously ascertained by law."

One of the leading Fifth Circuit cases on this issue is *United States v. Lipscomb*, 299 F.3d 303 (5th Cir. 2002). In *Lipscomb*, the District Court *sua sponte* transferred the case from Dallas to Amarillo, Texas. Both Dallas and Amarillo are located in the Northern District of Texas. The Court of Appeals reviewed whether or not this transfer was proper. The Fifth Circuit first addressed that an *inter*district transfer implicates the Constitution, but an *intra*district transfer does not. Though there is no Constitutional implication for a certain division within a district, the District Court must abide by Federal Rule of Criminal Procedure Rule 18:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

The first thing that Rule 18 mandates is that the Court must look to the convenience of the defendant, victim, and witnesses. After listing these factors, Rule 18 says the Court should consider the prompt administration of justice.

In *Lipscomb*, the defendant and all witnesses resided in Dallas, and the attorneys practiced in that area. Furthermore, not a single event happened outside of Dallas. The District Court had ruled that because Amarillo was only a five hour drive from Dallas that the parties could fly there, and therefore the transfer was deemed proper. *Id* at 340-41. The Fifth Circuit found that these reasons were not sufficient to justify the transfer, given the inconvenience to the defendant, his counsel, and witnesses. *Id* at 341. Shreveport is a three hour drive from Lafayette, and a four hour drive from Baton Rouge. Undoubtedly, this will be a multi-day Trial, which would require all parties, witnesses and attorneys to make lodging accommodations. Additionally, none of the attorneys will have access to their law offices and their support staff.

In *Lipscomb*, the Fifth Circuit looked at other factors that may be relevant for an *intra*district transfer. Specifically, the Fifth Circuit looked at docket management, pretrial publicity, and logistical considerations. *Id* at 342-44. When looking at docket management, the Fifth Circuit stated that this related to Rule 18's need for "prompt administration of justice." *Id* at 342. Regarding logistics, if a particular courthouse meets security or other needs better than another courthouse, this is a factor for the court to consider. *Id* at 343. There is no indication that the

Courthouse in Shreveport meets security or other needs any better than the Courthouse in Lafayette. Lastly, pretrial publicity is a factor the Fifth Circuit has determined can counterbalance convenience and render *intra*district transfer proper. *Id.* While there has been pretrial publicity in this case, it is doubtful that it is enough to rise to the level requiring a change of venue. Traditionally, the defense will move for a change of venue if pretrial publicity is a factor. None of the defendants believe it is a factor, and accordingly, none have moved for a change of venue. While it might require a larger jury pool from which to select a jury, by no means is the problem insurmountable. Like *Lipscomb*, no party has presented evidence regarding prejudice from pretrial publicity or any other issues relative to venue.

Here, the Court's *sua sponte intra*district transfer poses a significant inconvenience to all of the parties, witnesses, and attorneys. The Defendant, Louis Ackal, does not reside in Shreveport, nor does his counsel have an office in Shreveport. The other co-defendants in this case fall in the same category. Neither of the Defendants live in Shreveport. One of the attorneys lives and practices in Lafayette; the other lives and practices in Lake Charles. Most, if not all of the witnesses in this case, reside in the Lafayette area. The alleged criminal misconduct took place in Iberia Parish. It will be a logistical nightmare, especially for their defendants, to have their witnesses appear to testify in Shreveport. All of the witnesses who may be called by the defense live in the Lafayette/New Iberia

area. Shreveport has no relevant connection to the parties or the alleged incident.

The "Motion to Transfer" filed by co-Defendant Mark Frederick contains reasons more compelling to keep this case in Shreveport. (See Rec. Doc. 77). Mr. Frederick has been treated for colon cancer and brain cancer, which are currently in remission. Mr. Frederick also has a colostomy. He is currently under the care of numerous physicians and travel is extremely difficult for him. He has check-ups and follow up treatment on almost a weekly basis. (See paragraphs 6, 7, 8 & 9 of Rec. Doc. 77) The transfer of this case to Shreveport will be more burdensome on Mr. Frederick than any of the other parties, witnesses, or lawyers.

Likewise, Gerald Savoy filed a Motion seeking a change of venue (see Rec. Doc. 85). Counsel for Mr. Savoy points out the logistical challenges of meeting with witnesses, preparing for the next day's testimony, and not having support staff readily available. Additionally, counsel for Mr. Savoy pointed out the custom of the Lafayette Division of the Western District. Beginning in paragraph 9, Mr. McCann discusses how cases were handled when Judge Rebecca Doherty was reassigned to the multi-district litigation that has occupied her calendar for the past few years. Judge Foot came to Lafayette and heard at least three trials over a period of two years. When Judge Richard Haik retired from the bench, Judge Drell came to Lafayette to hear trials. (See par. 9 and 10 of Rec. Doc. 85) Finally, Mr. McCann points out the financial hardships on the clients, their families, and the witnesses.

Judge Walter bases the bulk of his ruling on the pretrial publicity factor. However, as noted above, pretrial publicity is traditionally raised by a defendant who fears he cannot get a fair jury venire and a fair jury. None of the Defendants in this case have raised that issue. All of the Defendants are willing to go forward in Lafayette.[3] Judge Walter acknowledges that convenience militates in favor of a Lafayette Trial setting. While there has been pretrial publicity, this is not a problem that can be overcome by careful jury selection. The sole factor in favor of sending this case to Shreveport is heavily outweighed by all of the other factors. The most important factor should be the convenience of the witnesses and the Defendants. The Government has recently indicated that they plan on calling somewhere between 30 and 50 witnesses. It is believed that virtually all of these witnesses live in the Lafayette/New Iberia area. The three defendants will in all likelihood call witnesses. All of these witnesses live in the Lafayette/New Iberia area. The pretrial publicity in this case is no worse than many other high profile cases. It is not enough to outweigh the other factors set forth in Rule 18.

Judge Walter, in his reasons, also focuses on the Speedy Trial Act and the need to have this case tried. Undersigned counsel does not object to trying this case on October 31st. That will satisfy the mandates of the Speedy Trial Act and the

---

[3] The United States Attorney's Office has remained somewhat neutral on this issue. They have stated that they are prepared to try their case wherever the Court in its discretion, guided by the factors discussed in *United States v. Lipscomb*, determines the Trial should be held. (See Rec. Doc. 81)

concerns of the Judge in having these issues resolved quickly. Whether it is tried in Lafayette or Shreveport has no bearing on when the Trial will start.

*United States v. Garza*, 593 F.3d 385 (5th Cir. 2010), provides further support that the *intra*district transfer to Shreveport is improper. In *Garza*, the trial court in Del Rio, Texas transferred the case to Waco, Texas. The Fifth Circuit, in reviewing this *intra*district transfer, quoted the Eleventh Circuit, which stated: "A district judge's exercise of discretion resulting in a trial in an environment alien to the accused over a proper objection must be supported by a demonstration...that the judge gave due regard to the factors now incorporated in Rule 18." *Id* at 390 [quoting *United States v. Burns*, 663 F.2d 1378, 1383 (11th Cir. 1981)]. The Fifth Circuit found that the Del Rio Judge gave no reason for the transfer of the case, nor weigh the factors set out in Rule 18. *Id*. Therefore, the Fifth Circuit performed its own balancing of Rule 18's need for convenience for the defendant against the prompt administration of justice. In performing this balance, the Fifth Circuit looked to several factors to consider: (1) the distance from the defendant's home; (2) the location of defendant's witnesses; (3) the ability of defendant's family and friends to attend the trial; and (4) the burden on defendant's counsel to try a case from his or her practice. *Id*. In weighing all of these relevant factors, the Fifth Circuit determined the inconvenience to the defendants and witnesses was high because all parties had to travel more than 300 miles to participate. *Id*.

When the factors of Rule 18 are considered, there is nothing to

counterbalance the inconvenience posed to defendants and their attorneys. All of the factors weigh in favor of trying this case in Lafayette.

For all of the reasons set forth below, Louis Ackal respectfully requests that this Court issue an Order that the Trial of this case be held in the Lafayette Division of the Western District of Louisiana.

## VIII. <u>CONCLUSION AND PRAYER FOR RELIEF</u>

This is an extraordinary situation. Sheriff Ackal does not have any other adequate means to attain the relief he desires. The Writ is appropriate under these circumstances. Otherwise, Sheriff Ackal and the other Defendants are faced with the situation that happened in *Lipscomb, supra*. The entire case was tried and then reversed on appeal because the case was tried in an improper venue.

For the foregoing reasons, Petitioner Louis Ackal respectfully requests that the Court grant this Writ, and return the case to the original District Court Judge to whom it was allotted.

In the alternative, should this Court decide that the allotment to Judge Walter was appropriate, Petitioner requests that this case be tried in Lafayette, Louisiana for the reasons set forth above.

 /s/John S. McLindon
**JOHN S. McLINDON, Of Counsel**
Bar Number 19703
Walters Papillion Thomas Cullens
12345 Perkins Road, Bldg. 2, Ste. 202
Baton Rouge, LA  70810
225-236-3636, Telephone
225-236-3650, Telecopier
E-mail: mclindon@lawbr.net

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Petition for Writ of Mandamus was electronically filed with the Fifth Circuit United States Court of Appeals and has been served on all counsel of record via email or U.S. Mail at the below addresses on this __23rd__ day of September, 2016.

Honorable Dee D. Drell
Chief United States District Judge
United States District Court
Western District of Louisiana
515 Murray St., Suite 233
Alexandria, Louisiana 71301

Honorable Patricia Minaldi
United States District Court Judge
United States District Court
Western District of Louisiana
611 Broad Street Suite 328
Lake Charles, Louisiana 70601
Minaldi_motions@lawd.uscourts.gov

Honorable Donald E. Walter
Senior United States District Judge
United States District Court
Western District of Louisiana-Shreveport
300 Fannin Street, Suite 4200
Shreveport, Louisiana 71101-3059

Mr. Mark Blumberg
Special Litigation Counsel
U.S. Department of Justice
Civil Rights Division
601 D. Street, N.W.
Washington, D.C. 20004
Email: mark.blumberg@usdoj.gov

Ms. Tona Boyd
Trial Attorney
U.S. Department of Justice
Civil Rights Division
601 D. Street, N.W.
Washington, D.C. 20004
Email: tona.boyd@usdoj.gov

Mr. Alexander C. Van Hook
U.S. Attorneys Office (SHV)
United States District Court
Western District of Louisiana
300 Fannin Street, Ste 3201
Shreveport, Louisiana 71101-3068
Email: alexander.van.hook@usdoj.com

Mr. Joseph G. Jarzabek
U.S. Attorneys Office (SHV)
United States District Court
Western District of Louisiana
300 Fannin Street, Ste 3201
Shreveport, Louisiana 71101-3068
Email: *joseph.jarzabek@usdoj.gov*

Mr. Gerald Savoy
Through his Attorney of Record

Randal P McCann
Law Office of Randal P McCann
1005 Lafayette St
Lafayette, LA 70501
Email: rpm@rpmlawfirm.com

Mr. Mark Frederick
Through his Attorney of Record

Frank Granger
Attorney at Law
1135 Lakeshore Drive, 6th Floor
Lake Charles, Louisiana 70601
Email: fgranger@prodigy.net

   **/s/John S. McLindon**
John S. McLindon

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the length limitations set forth Federal Rules of Appellate Procedure. It is less than 30 pages. This Brief complies with the type/volume limitations set forth in the Federal Rules of Appellate Procedure. It is less than 14,000 words. This Brief complies with the typeface and typestyle requirements of the Federal Rules of Appellate Procedure. It has been prepared proportionally spaced typeface using Microsoft Word in Times New Roman 14 point font (12 point for footnotes).

I further certify that (1) all required privacy redactions have been made in this brief in compliance with 5th Cir. Rule 25.2.12; (2) any paper copies provided to the Court will be exact copies of the electronic version, in compliance with 5th Cir. R. 25.2.1; and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

**/s/John S. McLindon**
John S. McLindon