UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 6:16-CR-00048-03** |
| **VERSUS** | : | **JUDGE WALTER** |
| **MARK FREDERICK** | : | **MAGISTRATE JUDGE HANNA** |

**MEMORANDUM IN SUPPORT OF**
**MOTION IN LIMINE TO PROHIBIT INTRODUCTION**
**OF 404(b) EVIDENCE AT TRIAL**

The United States, by its letter dated September 26, 2016, provided notice that it intends to introduce evidence in accordance with Federal Rule 404(b) as follows:

> "An incident that occurred sometime in 2011, in the office area of the Iberia Parish Jail, in which Frederick struck a handcuffed inmate in retaliation for the inmate's prior misconduct."

> "On several occasions during his tenure at the Iberia Parish Jail, Frederick struck restrained inmates by back-handing them in the face, in retaliation for prior misconduct or a perceived lack of cooperation."

The Superceding Indictment handed down on June 9, 2016 and the Second Superceding Indictment handed down on September 14, 2016 named Mark Frederick as a defendant in these proceedings. Count 5 of the indictment alleged that Frederick and another defendant, Savoy, deprived an inmate at the Iberia Parish Jail of his constitutional rights by using excessive force amounting to punishment by a law enforcement officer on or about September 27, 2011.

Within its 404(b) letter, the government stated it provided notice that "evidence of these incidents may be offered, pursuant to Rule 404(b), to show the defendant's intent

to carry out the charged assault."

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character a person in order to show that he acted in conformity therewith, U.S. v. Beechum, 582 F. 2d 898 (5th Cir. 1978). It is human nature for a jury to reach conclusions as to a defendant's character if given examples of prior similar conduct. The jury is prejudiced by these 'bad acts" from the past and draws the conclusion that the defendant is a "bad person" and he acted in conformity therewith. The government is trying to admit evidence under 404(b) by claiming that it is not propensity evidence which plants the seeds of prejudice against the defendant, but instead, should be admitted to prove the defendant's intent to commit the crime charged in the indictment.

"Other acts" evidence is inadmissible pursuant to FRE 403, which excludes such evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. It is obvious that the allegations, "incidents" alleged by the government are designed to prejudice the jury against Frederick by showing him to be a "bad man" with a bad character who had the propensity to commit the crime charged.

The government contends the 404(b) evidence purports to provide proof of defendant's intent to deprive the victim in the incident of September 27, 2011 of his civil rights. No details or explanations are given of how these past incidents prove the defendant intended to punish the victim or to prevent this victim, or any other alleged victim from exercising their constitutionally guaranteed rights. The intent of the government's 404(b) evidence is to allow the jury to assume the defendant had the specific intent to commit the crime charged because he may have committed similar acts toward others in

the past.

Rule 404(b) operates in tandem with Federal Rules of Evidence 104, 401, 402, and 403. These rules require that the evidence be relevant. If the court determines that the evidence is relevant, it must be relevant for a purpose other than its propensity value – in other words, it is not offered to show that the defendant acted "in conformity therewith." If it is relevant for a non-propensity purpose, its probative value must not be substantially outweigh its unfair prejudice to the defendant.

Rule 404(b) acts as a gatekeeper to ensure "bad acts" evidence is not introduced solely to prove criminal disposition. The party wishing to introduce bad-acts evidence must offer and prove a non-propensity basis for admissibility. See, United States v. Hernandez, 975 F. 2d 1035 (4th Cir. 1992).

In analyzing the incidents the government will attempt to introduce under the authority of 404(b), it must be remembered that the defense has been provided no reports, memoranda, or writing of any nature which support these incidents. The incidents are merely summed up in one or two sentences in the government's letter and are vaguely identified making it virtually impossible for the defendant to adequately question whether the incidents occurred, by whom they were witnessed, who the victims were, or present n adequate repudiation or defense to the allegations.

Before discussing the incidents, the government must prove that Mark Frederick actually did those things they say he did.

> "Therefore, as a predicate to a determination that the extrinsic offense is relevant, the Government must offer proof demonstrating that the defendant committed the offense." United States v. Beechum, supra. See Headnote

24.

Proof of an uncharged offense is sufficient if the jury can reasonably find that the offense occurred by a preponderance of the evidence. United States v. Smith, 804 F. 3d 724 (5th Cir. 2015) at page 730. A hearing on the motion for the introduction of 404(b) evidence will be necessary. The government must prove that each of the incidents set forth in their letter and described below actually happened. If the government can meet their burden, i.e., that Mark Frederick committed these prior incidents, then this Court must decide if the incidents are relevant and that the evidence's probative value substantially outweighs its undue prejudice to the defendant before being admitted at trial. See, United States v. Smith, supra at page 730.

The first incident, as cited above, refers to Mark Frederick, at some time in 2011, striking a handcuffed inmate in retaliation for the inmate's prior misconduct. This allegation contains no information about the identity of the inmate or sufficiently explain the supposed reason for retaliation on Mark Frederick's part against the inmate. This does not indicate Frederick's intent for the alleged conduct within the Superceding Indictment and Second Superceding Indictment as this is presumed to be an inmate other than the victim of the alleged assault on September 27, 2011 charged in the Superceding Indictment.

The other 404(b) evidence to be introduced is an allegation of Frederick's pattern of back-handing inmates for prior misconduct or perceived lack of cooperation. This clearly seems to be an allegation of propensity evidence offered to prove the character of Frederick. Even less information is offered here: there is no indication of when these incidents occurred, to whom, or anything more than speculation as to Fredericks reasons for the alleged striking of the inmates. Again, this does not prove willful intent on the part

of Frederick commit the crime alleged in the Superceding and Second Superceding Indictment, but if admitted will be used to wrongfully persuade the jury that Frederick acted in conformity therewith rather than proof of Frederick's specific intent to deprive the prisoner of a constitutional right under color of law. To allow such evidence will enable the government to avoid its constitutional duty to prove each and every element of the charged conduct beyond a reasonable doubt.

Mark Frederick denies the allegations set forth in the government's 404(b) letter dated August 25, 2016 and denies the characterization of the incidents that they show his intent to carry out the charged conduct alleged in the Superceding Indictment. A hearing will be necessary for the government to establish whether the incidents took place or whether the incidents have been properly characterized by the government. A hearing will show that either the incidents did not occur, or the incidents occurred in a different fashion than described by the government. Moreover, a hearing will show that these incidents do not qualify to be admitted into evidence under 404(b).

The evidence offered by the United States Attorney is inadmissible pursuant to 403(b). This Rule provides that the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. As noted above, Frederick does not agree that the prior incidents are relevant; nor does he agree that they are admissible under Rule 404(b). If, however, the Court rules that they are relevant and admissible, Frederick moves that they not be allowed into evidence in that there is a substantial danger of unfair prejudice.

In U.S. v. Smith, supra, as well as U.S. v. Beechum, supra, and many other reported

cases, the Courts have held that evidence such as this should not be introduced because its probative value is substantially outweighed by its undue prejudice.  The Court is to consider the following factors: 1) The government's need for the extrinsic evidence; 2) The similarity between the extrinsic and charged offenses; 3) The amount of time separating the two offenses; and 4) the Court's limiting instructions.

When these factors are applied to the prior incidents offered by the Government in their letter, it is clear that the probative value is substantially outweighed by undue prejudice.  It is even more clear that these prior incidents are being offered as propensity evidence, which is strictly prohibited.

Moreover, not only is the presentation of these prior incidents unfair and prejudicial, they will mislead the jury; cause significant undue delay; waste time; and needlessly present cumulative evidence.  Moreover, this evidence may also confuse the jury as to the essential elements of the offense and whether the government proves each and every element of the alleged offense beyond a reasonable doubt.

As noted above, the incidents have no bearing whatsoever on the charge in the indictment.

For the reasons set forth above, Mark Frederick moves that this Court prohibit the introduction of the prior incidents set forth by the government in its letter of September 26, 2016, into evidence at the trial of this matter.

        Respectfully submitted,

          S/ Frank Granger
        **FRANK GRANGER**, LSBA No. 06219
        1135 Lakeshore Drive, 6th Floor
        Lake Charles, LA 70601
        Telephone: (337) 439-2732
        Facsimile: (337) 439-1655